Good morning. May it please the Court, Andrew Fishkin for the appellant, Mr. Espinoza-Lugo. In the previous case, counsel pretty much made all of my arguments for me, so I'm just going to concentrate on the facts that I believe apply to the appellant's case for me. The appellant was driving the getaway car, as was discussed. There were no police anywhere near the scene at the time the crime was committed, and there was no allegation or fact suggesting that the appellant attempted to evade police once police spotted the vehicle and initiated a stop. He simply drove away from the scene of the crime. So there was clearly no active police investigation. There was clearly no judicial proceeding at that time. So the question that I have is, do we expect people, when a crime is committed, to stand there and wait for the police to show up, and by not doing so, is that an aggravated felony, mandatory deportation? Obstruction of justice, as has previously been explained, requires either an investigation or a proceeding and the intentional desire to obstruct that. Merely not the federal law says the exact opposite. Everyone keeps saying that. There's a statute, I don't have the book up here, 1512-something, that says a proceeding need not be pending. Congress said that specifically, and the legislative history points out it's because of the concern of exactly what I said, that somebody obstructs justice before an investigation gets underway. So when do they obstruct justice? Do they obstruct justice when they decide not to stand around after the crime has been committed, waiting for the police to show up? Or do they obstruct justice when they make a deliberate action to conceal or to avoid or interrupt the investigation? It's not a proceeding. It's an investigation. So in this case, the crime had just been committed. There was no police involvement yet whatsoever. There's no possible way he could have the intent. We don't know what his intent was. His intent was just, I better get away from here. I'm scared. We would not have been convicted of the underlying crime, because it has to be a crime with a specific intent. The principle was later convicted of the underlying crime. The appellant was driving a car. A crime was committed, and he drove away from the scene. You began your oral argument by saying that this was a person who drove a getaway car. As defined by the board, correct. He drove a car. He was driving a car. A crime was committed. He only pled guilty to accessory to a, and we don't have the wording of the charge that he pled to. It was an amended, it was a count seven that was orally amended, and there's no plea agreement in writing. There's no amended count that was read into the record. There are transcripts, and there is no definition of what is alleged that he did other than accessory after the fact. So accessory to what? We simply don't know. The police report makes no mention of an investigation that was going on at the time that the crime was committed and at the time that the appellant allegedly obstructed justice. What justice was there to obstruct at that time? The other issue is retroactivity. So does he kill somebody before the police arrive? There's no obstruct, in order to silence the person. In your view, the obstruction of justice statutes are out the window. You're just sort of stuck with the murder. It would be a murder, and that's absolutely an aggravated felony. But not an obstruction of justice. No, I don't believe. It could be if there was already an, if the police were already looking for him, if he'd already been chosen as a witness. If the police were already looking around or investigating, then, yes, it would be an obstruction of justice. But if I shoot you and then you shoot me, and then I shoot you as a witness, I don't think that's an obstruction of justice. That's just a second murder. And so, again, if somebody is involved in a sexual assault on a minor and then tells that minor, if you go to the police, I'm going to kill you, that's not an obstruction of justice. What is that, then? A criminal threat. But not an obstruction of justice. Not until there's an investigation or a proceeding, no. The issue of retroactivity is also extremely important in this case. We had, from the, I'm sorry, the Espinosa-Gonzalez, I'm a little tongue-tied this morning, from the Espinosa-Gonzalez case, that was the BIA precedent established back in 1999. The Ninth Circuit has twice given that decision Chevron deference, and it is, as a known from 1999, that accessory was subject to the modified categorical offense approach to determining whether or not it's an aggravated felony. In the appellant's case, he had someone who was quite an expert criminal defense attorney in Bakersfield, California, who had been doing this for in excess of 20 years, and it was specifically likely that he advised this plea strictly because he would be able to go to immigration court. It was obvious as a noncitizen with a sentence of two years that he would be in immigration court. There would be the reason to enter into that plea is precisely because you get the modified categorical approach, which the immigration judge agreed with. The immigration judge agreed with, the government conceded at the immigration court proceeding, and then the immigration judge, I believe, made her determination in error according to the modified categorical approach. There was no suggestion that it was categorically an aggravated felony at that time. The board then held the decision for an extra year while they waited on the matter of Valenzuela-Gallardo. And in Valenzuela-Gallardo, they made this blanket change to the rule stating that it is categorically an aggravated felony, mandatory deportation, mandatory custody, no defenses under most circumstances. And they want to apply that retroactively. I think that the precedent of this Court and of the United States Supreme Court is that major changes in rule do not apply retroactively. In this Court's Lujan Armendariz case, which applies to drug offenders, the Court made a – when overturning its own decision, the Court made the specific exception that cases pled before the Chaidez case, it doesn't – I'm sorry, Chaidez would not apply and they would still be subject to or eligible for Lujan Armendariz relief. Likewise, when the Supreme Court in Padilla v. Kentucky established the right of – to competent counsel and to competent advisal of immigration rights, they specifically said that it is not retroactive for the very same reason. And I believe that in this case, the Court must also say that if the Valenzuela- Gallardo decision is held to be reasonable, which I don't believe it is, but if it is held to be reasonable, it most certainly should not be retroactive, because defendants in criminal courts, such as the appellant in my case, most certainly relied on that precedent and entered into their plea with knowledge that they would be entitled to a modified categorical approach.  Roberts. Thank you, counsel. Rebecca Hoffert Phillips, PACAGEN. I want to address – That's a conference of case – when we group our cases together, then you know you have an opportunity to argue two or three times. Yes. So you'll be hearing from me today. I'd like to pick up on a few things that were brought up during my opposing counsel's argument. First of all, Your Honor has correctly pointed out that there is nothing in Chapter 73 that says that it's all about pending proceedings. And I want to make that very clear, because even to the extent that you think the way the Board did, that Chapter 73 is informative on the definition of an offense relating to obstruction of justice, number one, that term is not defined specifically the way that other – for example, it's not defined by reference to Chapter 73. So Chapter 73 in and of itself is not – cannot possibly be what the Immigration Code meant by obstruction of justice, aggravated felony, or it would have said an offense defined in Chapter 73, which it did for several other aggravated felony provisions. That's number one. Number two, to the extent that it says relating to, and therefore Chapter 73 could become relevant to the extent that obstruction of justice is a term of art that is used in Chapter 73, and we're talking about offenses relating to obstruction of justice, so Chapter 73, the Board reasonably found, is somewhat relevant, substantially relevant in trying to define the term. Chapter 73 does not itself limit the offenses to pending proceedings. And I think Your Honor correctly pointed out that Section 1512f1 expressly states that to be convicted of one of the crimes, quote, an official proceeding need not be pending or about to be instituted at the time of the offense. And that is expressed in the statute. And therefore – and there's actually, in addition to 1512, Section 1519 also talks about destroying evidence in contemplation of a proceeding, same idea, where it doesn't necessarily have to be going on, it's in contemplation of it. And so this idea that – So I'm listening to you, and this is getting so broad for me that it gives me concern. I mean, not to get metaphysical, but isn't all crime at some point an interference with justice? It's not, unless you have a specific intent that you want to interfere with the process of justice. I mean, most people – or I shouldn't say most. What does that mean? I mean, how broad – how would you define the process of justice? I – I think this is how the Board meant it, which is to be bringing the proper consequences for a criminal action. It's in everybody's interest in our society to see the proper consequences come from criminal conduct. So you think that aiding and abetting a crime constitutes an obstruction of justice? Aiding and abetting has been specifically found to be distinguishable from accessory. In Batista, the Board was actually describing how aiding and abetting is different. Aiding and abetting has to do with the underlying offense. Accessory, on the other hand, has to do with obstructing justice. So in this context, you have a guy driving a getaway car. He could be charged with aiding and abetting. He – I mean, in this type of situation, when you're there as part of the crime. How would you distinguish that act if aiding and abetting doesn't qualify, and the victim is clearly aiding and abetting? How do you distinguish the underlying conduct from what you're talking about? This is a perfect example. What was the specific intent here by the – by the person? Was – was the specific intent to try to kill someone? Because if so, then the specific intent had to do with aiding and abetting. You wanted to see the completion of that crime, that underlying crime, and therefore you were aiding and abetting to make sure that crime took place. On the other hand, if your intent was not necessarily about that crime, but to help the perpetrator of that crime get away with that crime and not have to face any consequences for that crime, you are an accessory after the fact. So I have a related question to that. Yes. Because if I want to help somebody get away with a crime and the underlying crime is a State offense that is committed one time, some of those crimes are misdemeanors and only become felonies by virtue of the fact that they've been committed a couple of times. So would that individual who's, let's say for the purpose of this hypothetical admittedly trying to help this person get away, avoid the process of justice, would that individual need to also know that the underlying crime is a second or third offense? It goes back to what you were saying in terms of how do they know how this person would be punished in terms of how they would be convicted for this offense. That's my question. Right. And I think, again, their idea when they're going about helping someone to escape punishment, the idea isn't that they have in their mind necessarily what level of punishment that person's going to face or the severity. I mean, it's the idea that they know a crime has been committed, not just a traffic offense, not just a minor mishap. There has to have been a crime. Right. Okay. So let's say the crime is DUI. That happens all the time in State courts. And if somebody's significant other is trying to help him or her escape detection for that, that could be a misdemeanor if it's been committed one time. But in many States that's going to become a felony if it's been committed more than one time. So it's the very same conduct, very same intent to help this person get away with the underlying offense, to avoid the process of justice. Do you see my problem? Right. Well, the only time someone is, first of all, an accessory, if you're trying to help someone escape in the sense of an accessory, it has to be a felony, as I mentioned. And I understand that. That's the problem. It's the very same underlying conduct. And sometimes it's a felony, and sometimes it's not, just by virtue of the fact of the prior criminal history. But in order to have the conviction, in order for that to be, what you're saying is that it depends on the culpability of the underlying crime, that the person that, you know, how maybe the person didn't know this was their third DUI or fourth DUI, and they thought that it was just the first one maybe, and they were helping them escape some. Is that sort of what you mean by that? Yes. Because someone, I mean, I understand what you're saying. In terms of an actual conviction for being an accessory to a felony, I have not seen a, you know, your ---- No, but we see a lot of cases, and I have to tell you that these are not far-fetched examples either from State court or in the immigration context. So we're asking, you're saying that that can never happen. We've seen it happen, so we're trying to struggle through these examples to see how  I haven't seen it. I'm sorry. Go ahead. Go ahead. No, that's fine. I haven't seen a conviction for accessory when the underlying conviction was elevated by multiple offenses. I just, I have not ---- So that's my hypothetical, because I have. Right. So that's my hypothetical. Right. So could you please explain how that would work? Right. Well, I would first say that Duenas-Alvarez's realistic probability of a conviction under those circumstances, if you, you know, pointing to a State case where that actually happened, and then the idea that somebody got one year sentence or more for doing what they did, so, you know, assisting someone with a DUI, it's, I have not seen anybody ---- But the fact that you haven't seen it doesn't make any difference to me. What matters is how it applies analytically. I don't mean to be quarreling with you, but we just ---- Right. You say that could never happen. We've seen it happen, so we're not ---- that doesn't move the forward. The question is, do you see liability under those circumstances, under immigration liability? And if so, why? I don't see how that results in a prison sentence of one year or more. No, you're talking about the underlying crime. Let's say that, you know, that it is, it does, hypothetically. Then you say that's fine. Well, when, that's why I'm talking about hypothetically in terms of that's sort of what Duenas-Alvarez warns against is coming up with hypotheticals that would potentially fit within the framework without pointing to how statutes might actually be applied in such a manner that would result in an actual conviction that you would then have ---- But if the statute required specific intent, it would fall within the board's definition, right? I mean, you have to admit that. If you have the specific intent to interfere with the process of justice, right, the end result is ---- No matter how minor the crime that you're covering up. Well, in an, no, because, well, if you're convicted of accessory, it's not, it has to be a felony. And this is true in almost every accessory state statute. So in terms of, I think we're talking about two different things. The board's definition doesn't specify felony or not felony. But the board's definition is saying that accessory would fall within its definition because it has to do with an interference to obstruct justice. Let's take this scenario. We have two different individuals. One, because it's their third DUI, it's a felony. The other, it's their first DUI. An individual does the exact same thing. The same night, he helps two people, one who is a felony DUI, the other is a misdemeanor DUI. He engages in the same conduct. He's convicted of two obstruction offenses. As I understand what you're saying, I mean, that he's only convicted of one obstruction offense, right? Because only one's a felony. He can't be convicted of the others as an accessory after the fact. He can't be convicted as an accessory. Correct. So it's just by happenstance that the individual he helped had three DUIs, that he ends up with the accessory after the fact, even though he may not have known it was his third DUI or fourth DUI. Well, I mean, you have to – I think that accessory to a felony means to some extent, as I mentioned in the case law, they are saying knowledge of the commission of the felony. And it hasn't gotten more specific than that in the case law that I've read. But the element you gave me sounds more like you have to know about the offense that happens to be a felony, not you have to know it is a felony. Right. That's why it's unclear the way that the element is stated in terms of the State case law. It says knowledge that the person committed a felony. So you have to have knowledge that the person committed the DUI. And the hypothetical that we're all struggling with is not knowledge of DUI. It's knowledge of the fact that this happens to be a felony. The very same conduct to help this person evade the process of justice, avoid the process of justice, it sounds like in some circumstances would have a very serious immigration consequence, and I'm not sure that it would in others, and that's my problem. But let's take another hypothetical. I know you're really enjoying our hypotheticals. Yeah. But this is not – and again, this is, you know, not a far-fetched example. Somebody's in the getaway car, and the guy says, well, I'm just going to go in and steal a loaf of bread, Jean Valjean or whatever. And he goes in and he murders somebody, and the driver of the getaway car doesn't know that. He thinks it's a misdemeanor. Drives away, and then the guy says later, by the way, you know, I killed somebody. Well, the underlying offense is a felony, accessory. You're going to get charged – you could get charged with that. But really in terms of the specific intent you're talking about, it's fairly minor and less culpable. But in your view, I just want to make sure I understand your argument, it doesn't matter. What I'm saying is that you wouldn't end up with a conviction under the accessory statute unless it's a felony. Sure you would. Sure you would. Is he committed a felony? You know? You don't – Let's put it differently. Let's assume he is convicted of that. Right. Yeah. Okay. Then under the law, the I.A. ruling. Well, as a categorical matter – And if the sentence is a year or greater. Right. Then that's an aggravated felony under the statute. Yes. As a categorical – And there's no relief from that under the definition, under the BIA definition. If you take a categorical, every conviction of CPC 32 qualifies as an aggravated felony, that's – you can't under – you can't look at the underlying facts of the case. No, no, I know. That's what we're struggling with is – Right. I'm trying to see if this is subject to the categorical. Is it subject to categorical analysis? Or given all our hypotheticals, should it be subject to a modified categorical approach? Our position is the categorical approach. I know it is. But in light of our hypotheticals, how does that fit? It fits – and I'm sorry to go back to this, because I know we're struggling,  approach. Why? Because the Supreme Court has specifically said that you can come – when you come up with hypotheticals that actually have not been applied that way by the State courts. For example, if someone was doing something as minor, they thought someone was stealing a loaf of bread, and then it turns out someone murdered and they had no knowledge of that. Find a conviction that someone was convicted of accessory to a felony – accessory to a felony – when they had no knowledge of that. You have to point to that someone could be convicted under the statute under such circumstances, that that would be even a possibility. And so the – But I can guarantee you I can go find some convictions under the California statute that would fit that scenario. In other words, we don't think it's far-fetched. I appreciate your reminding us that we can't be dreaming up fanciful – that's not our place to be dreaming up fanciful scenarios. But what if these aren't far-fetched? What if we see them? Well, then I think what you have to look at, then, is it's this idea that somebody – again, regardless of the underlying offense, it's a separate offense when you're obstructing justice. Right. It's not aiding and abetting, as I mentioned earlier. Right. Because aiding and abetting, then – what are you aiding and abetting? We're not aiding and abetting a murder. We appreciate this. So it's a separate – So that's – that's our hypotheticals about somebody trying to help somebody else get away to obey the process of justice. Right. And so when that is the offense, it demonstrates a disregard for our judicial system and the legal consequences of what – of someone who needs to be brought to the consequences of their criminal action. I mean, that's the whole point of obstruction of justice, that it's its own separate crime. And that tying it to the underlying offense in some way is not really the question. In these cases –  But the reason it became the question is because we're trying to figure out what are the contours, what are the limits, and you assured us, well, it would have to be a felony under these circumstances. And so that's – It would have to be a felony for the conviction under the statute and under almost all the accessory statutes I've seen that it is accessory to a felony. Right. But what you're saying is there's no specific intent requirement that the actor know that it's a felony. That I haven't seen the separation that way. But, you know, Your Honor, I'm happy to take another look and see, you know, if that's the Court's concern. See, this is a different concern because what we were discussing today – first of all, this Court gave deference to the Board's decision to not raise this issue in – the issue was ongoing proceedings versus not ongoing proceedings. Right. And so in terms of – Right. We're paying – I appreciate that. We're paying a little broader camp. Absolutely. I'm just making clear that these would be two separate issues. You have to do all the arguments today or you're going to be with us all day. I'm sorry. Just one more. I'm happy to. I'm happy to. Can I ask one more question? Of course. Is there a difference between process of justice and the due administration of justice? Is there any difference between those two phrases? I haven't seen any distinguishing law. I haven't seen any case law try to distinguish that. It's this idea of justice as being this process, and so administration of that process. I've seen it written in several different ways, the due administration of justice, the process of justice. I don't think that that's a difference that makes a difference. You don't think the Board intended something different by saying process of justice as opposed to the due administration of justice? I have – the Board did not say that it was doing anything differently with that language. It's hard to imagine how you would try to define that differently. They're very much intertwined. So I don't think that was part of the Board's decision. I mean, what the Board was focusing on in Valenzuela-Gallardo was a response to Hoeing. I mean, that's why the Board sua sponte reopened and was responding to this Court's – this Court had found issue – I'm sorry, not found issue, in fact. And what I want to point out is that this Court has never rejected the Valenzuela-Gallardo position. It didn't exist at the time of Salazar and Hoeing. This Court simply took a different direction with the Board's definition than the Board intended for the Court to take. And so the Board came back with this as a response. Now, if the Court has these concerns, the proper remedy is still to remand to the Board for proper explanation, because what the Board did in this case was respond to a specific problem that this Court had identified for it in terms of interpreting Espinoza. And with this Court today, you know, there's a difference. As you mentioned, you could be interfering with a misdemeanor offense or a felony offense before any proceedings take place, and that would be something entirely separate. They're two very separate issues. The actus reus and the nexus issue are two totally different issues in terms of whether or not the Court wants to defer to the Board's definition. Right. But, you know, as we're keeping you beyond your time, but in painting on a broader canvas, it's not just immigration. We have to look at the sensing guidelines. We look at what the Supreme Court has done. And what the Board has done is inconsistent with some of those. And that is, that is, you know, we have to take that into consideration, because it's very hard if we're trying to communicate to lawyers what's a crime, what's not a crime, to say, yes, it's obstruction for immigration, but it's not under the sentencing guidelines. And I understand there's differences, but we have to take all that into consideration. Go ahead. Your Honor, if I could just respond to that. In terms of the sentencing guidelines, it's not inconsistent with the sentencing guidelines. I was going to raise that in the next case, because that was an argument that was raised. But in terms of the commentary to Section 3c.1, obstructing or impeding the administration of justice, which is how they said it here, Obstructive conduct that occurred prior to the start of the invest --" I'm quoting --"obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline. If the conduct was purposely calculated and likely to thwart the investigation or prosecution with the offense of conviction, the guidelines are clearly contemplating pre-proceeding action in that sense. There is absolutely nothing in the guidelines that would prevent a pre-proceeding obstruction of justice act. The other thing, and I pointed it out in my brief for the other case, again, because it was raised there, is that the guidelines weren't necessarily being taken into account at the time that the aggravated felony provision was made, as I think the Supreme Court recognized in Nijiwan, that that wasn't something that was around at the time that the obstruction of justice aggravated felony, like the provision I think it was Section MI in Nijiwan, that the Supreme Court recognized that the sentencing guidelines had no bearing on the aggravated felony provisions. And so to try to pull from them, to decipher the meaning of the aggravated felony provision is in this place. But in any event, it would be the case that the statute would have been consulted  And so I think that's the logic of it. I mean, I understand what you're saying, but. And just in terms of whether it could have, you know, whether we should consult them in trying to decipher the meaning of an offense relating to obstruction of justice, there's no indication in the legislative history and how the statutes came about that there would be a reason that they would have been consulted. But even if they are, as I mentioned, they would not be inconsistent with the board's construction of the term, because they also contemplate pre-proceeding action, which was the key underpinning of Valenzuela. And that's what that decision was about, was about pointing out why a pre-proceeding action, why the board's not limited to ongoing judicial proceedings, and that there was a misconception about Espinoza that was, you know, the board understand was reasonable, but that it was trying to set the record straight in its own precedent and clarifying, especially in light of Batista, that there were actually no inconsistencies between Batista and Espinoza, and the board wanted to make that clear. Thank you, counsel. For rebuttal. Thank you. Very briefly, opposing counsel discussed intent to obstruct justice or intent to avoid punishment or disrupt the process of punishment. So, again, I have to ask, when a criminal commits a crime, do they commit the crime with the intent of committing the crime and then being caught and then paying for the crime? Is that the running away from the scene an obstruction of justice, or is that just a part of the underlying crime? So when you're driving the car, you don't necessarily know what the other person is going to do. You might know that they're going to go and confront this guy on the street, or that they're going to go and, as the court's example, rob a store and steal a loaf of bread. You don't know what they're going to do once inside, and then the guy comes running out, and you know a crime has been committed. You know that you might get in trouble if the police stop you. It's a natural inclination to not hang around. Well, and if that guy goes in and kills somebody, you may not know that's going on, but you're going to be on the hook for felony murder. I mean, there are a lot of areas in the law where you may not have full knowledge as to everything that's happening, but there are consequences. That's correct. And felony murder is an aggravated felony, rightfully so. But driving the car without the knowledge, did he intend to kill somebody? Did the driver intend to let somebody die? Did the driver intend to obstruct the punishment of the principal, or did the driver just intend not to get arrested tonight? So I intend not to get arrested tonight is not – I don't believe that falls to the level of depravity required for an aggravated felony. But a jury would have had to have found that he engaged in specific intent to obstruct. That's not the case here. This was a plea bargain, and as has been addressed by the Supreme Court. No, but it's an element of the offense. If you plead to it, you assume that those elements have been satisfied, that there was a sufficient basis to accept the plea. I think in Padilla v. Kentucky, the Supreme Court went right to the fact that a lot of – that it's very common for people to enter into plea bargains to specifically avoid when they just don't think they're going to win or they want to get out faster or they're just advised that, well, if you go to trial, this is an aggravated felony that you're going to try to, but we can do this plea bargain and the government gains by not having to prosecute the case and you gain by having the modified categorical approach instead of being categorically an aggravated felon. Very good. Thank you so much. Thank you. The case is here to be submitted for decision, and we'll proceed with the argument in Corrales-Navarro.
judges: Seabright, Thomas, Christen